1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

12

13

14   DESHA M. CARTER,

15              Plaintiff,                    CV F 04 5345 AWI WMW P

16        vs.                                 ORDER DISMISSING FIRST
                                              AMENDED COMPLAINT
17                                            WITH LEAVE TO AMEND

18   M. YARBOROUGH, et al.,

19              Defendants.

20

21

22          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

23   U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

24   U.S.C. § 636(b)(1).

25          This action proceeds on the May 24, 2005, first amended complaint.  Plaintiff, an

26

                                              1

1  inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this

2  civil rights action correctional officials employed by the Department of Corrections at CCI

3  Tehachapi.  The events that give rise to this lawsuit occurred while plaintiff was housed at

4  Tehachapi.  Plaintiff names as defendants the Warden at CCI Tehachapi and Correctional

5  Officer Brochu.

6          Plaintiff's sole claim in this complaint is that he was retaliated against for filing

7  an inmate grievance against defendant Brochu.    Specifically, plaintiff alleges that on July 4,

8  2001, Brochu filed a false charge against plaintiff.    In response, plaintiff filed an inmate

9  grievance (CDC Form 602) against Brochu.    On July 5, 2001, plaintiff appeared at a hearing on

10 the disciplinary charge.   Plaintiff was advised that he "would be transferred whether guilty or

11 not for the charges against him."    On July 20, 2001, plaintiff appeared before a committee.

12 Plaintiff was advised by defendant Todd that "though the allegations against him were

13 unsubstantiated, he would still be transferred because of the appeal filed against defendant

14 Brochu."   Plaintiff was transferred to Lancaster State Prison.

15          An allegation of retaliation against a prisoner's First Amendment right to file a

16 prison grievance is sufficient to support claim under Section 1983. Bruce v. Ylst, 351 F.3d 1283,

17 1288 (9th Cir.2003).  "Within the prison context, a viable claim of First Amendment retaliation

18 entails five basic elements:  (1) An assertion that a state actor took some adverse action against

19 an inmate (2) because of (3) that prisoner's protected conduct, and that such action  (4) chilled

20 the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

21 advance a legitimate correctional goal."   Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

22 2005).   The court must " 'afford appropriate deference and flexibility' to prison officials in the

23 evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."

24 Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995) (quoting Sandin v. Conner, 515 U.S. 472, 482,

25 115 S.Ct. 2293  (1995)).  The burden is on plaintiff to demonstrate "that there were no legitimate

26

1   correctional purposes motivating the actions he complains of." <u>Pratt</u>, 65 F.3d at 808.

2           Here, plaintiff clearly states that his transfer was made in response to the filing of

3   an inmate grievance, but plaintiff fails to allege any facts indicating that he suffered any chilling

4   effect on the exercise of his First Amendment rights.   The facts alleged indicate that plaintiff

5   was able to pursue his inmate grievance.   Because plaintiff has failed to allege facts that satisfy

6   the above standard, the complaint must be dismissed.  Plaintiff will, however, be granted leave to

7   file an amended complaint.

8           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

9   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

10  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

11  how each named defendant is involved.   There can be no liability under 42 U.S.C. § 1983 unless

12  there is some affirmative link or connection between a defendant's actions and the claimed

13  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

14  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

16  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

17  amended complaint be complete in itself without reference to any prior pleading.  This is

18  because, as a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux</u>

19  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

20  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

21  original complaint, each claim and the involvement of each defendant must be sufficiently

22  alleged.

23          In accordance with the above, IT IS HEREBY ORDERED that:

24          1.  Plaintiff's May 24, 2005, first amended complaint is dismissed; and

25          2.  Plaintiff is granted thirty days from the date of service of this order to file a

26

3

second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   November 2, 2005**              _____/s/  **William M. Wunderlich**_____
mmkd34                                     UNITED STATES MAGISTRATE JUDGE

4